12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Smith DAVIS, Jr., Defendant-Appellant.
 No. 93-50002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Nov. 17, 1993.
 
 1
 Before: FLETCHER, PREGERSON, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Defendant James Smith Davis, Jr., appeals his conviction by conditional guilty plea for possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and his jury conviction for using or carrying a firearm "during or in relation to" a drug trafficking crime. 18 U.S.C. Sec. 924(c)(1). In particular, Davis appeals the district court's denial of his motion to suppress evidence seized during a search of his luggage and its refusal to give an additional jury instruction that further defined "in relation to" with respect to the charge under Sec. 924(c). We affirm the convictions.
 
 
 4
 * Davis contends that the district court erred in denying his motion to suppress a revolver and crack cocaine found in his luggage for two reasons: first, the initial encounter between Davis and Detectives Maples and Myers constituted an unconstitutional seizure that tainted any subsequent search of his luggage; and second, that even if he was not seized unlawfully, he never voluntarily consented to a search of his luggage. We are unpersuaded by either argument and affirm the district court's denial of the motion to suppress.
 
 
 5
 Although the district court acknowledged that Davis did not lie about his subjective recollections of the events surrounding his arrest, it ultimately credited the detectives' version of the facts. Their testimony was as follows. When Detective Maples approached Davis, Maples identified himself as a police officer and, because he was in plain clothes, showed Davis his badge. Maples questioned Davis in a public place only after Davis agreed to be questioned, did not display his weapon or otherwise threaten Davis, spoke in a polite manner, and did not restrain or touch Davis. Maples explicitly informed Davis that he was free to leave at any time. After the initial questioning, Detective Maples asked for and received permission from Davis to open and search his suitcase. Davis himself unlocked the suitcase.[1] The district court did not clearly err in finding that the detective's version of the facts was more reliable.
 
 
 6
 * We first address whether the initial encounter between Davis and Detective Maples constituted a seizure under the Fourth Amendment. The focus of the government's argument is that the encounter was consensual. Davis argues instead that Maples' questioning constituted an unlawful seizure that tainted any subsequent consent to search his luggage. A person is " 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980) (plurality opinion) (emphasis added). We review de novo the application of this legal standard to the facts of this case, and hold that a reasonable person in Davis' situation would have believed he was free to leave. See United States v. Brown, 884 F.2d 1309, 1311 (9th Cir.1988) (holding under similar facts that no seizure had occurred). Thus, the district court properly found that there was no seizure.
 
 B
 
 7
 Having decided that an unlawful seizure did not precede, and taint, the search of Davis' luggage, we address Davis' claim that his Fourth Amendment rights were violated because he did not voluntarily consent to the search of his luggage. See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). We review the district court's factual finding of voluntary consent for clear error. United States v. Vasquez, 858 F.2d 1387, 1389 (9th Cir.1988). The government's version of the facts supports this finding. Accordingly, we hold that the district court's finding was not clearly erroneous. See Brown, 884 F.2d at 1311-12 (upholding consent to search finding on similar facts).
 
 II
 
 8
 Davis next argues that the district court erred in refusing to give a supplemental jury instruction. The instructions given to the jury included the following language, agreed upon by both sides, and based on the Ninth Circuit's Model Criminal Jury Instructions for 18 U.S.C. Sec. 924(c):
 
 
 9
 In order for the defendant to be found guilty of [using or carrying a firearm during and in relation to a drug trafficking crime], the United States government must prove the following two elements beyond a reasonable doubt:
 
 
 10
 First, the defendant committed the crime of knowingly possessing cocaine base with the intent to deliver it to another person ...; and
 
 
 11
 Second, the defendant knowingly used or carried a firearm during and in relation to the commission of the crime.
 
 
 12
 Manual of Model Criminal Jury Instructions for the Ninth Circuit, Instruction 8.19U, at 164 (1992) (emphasis added). The court also read an additional instruction which further defined the requirement that the firearm be connected to the underlying narcotics offense:
 
 
 13
 In deciding whether the defendant used or carried the firearm during and in relation to a narcotic offense ... there must be evidence that the firearm was available to the defendant and that the firearm was related to, or played some role in the underlying crime. (Emphasis added).
 
 
 14
 We must decide whether the district court abused its discretion[2] by refusing to supplement these instructions with the following language proposed by Davis: "It is not enough, however, that the firearm be merely present or in the defendant's possession. There must be a causal connection between the narcotics offense and the firearm."
 
 
 15
 In United States v. Perez, 989 F.2d 1111 (9th Cir.1993), we upheld instructions almost identical to those given here. In Perez, the district court instructed the jury that "[t]he term 'relation to' ... requires a causal connection between the narcotics offense and the firearm," but refused to give additional language stating that the statute " 'requires more than mere possession of a firearm.' " Id. at 1114-15. We upheld the instructions as a correct statement of the law. Id. at 1115. In this case, the instruction that the gun must have "been related to, or played some role in the underlying crime " defines "in relation to" at least as well as the "causal connection" instruction in Perez. Thus, we hold that the district court's instruction is a fair and accurate statement of the law and that the court did not abuse its discretion in refusing to grant the supplemental instruction.
 
 
 16
 The convictions are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The subsequent search of Davis' second piece of luggage was justified for two reasons: first, Maples testified that Davis explicitly consented to a search of "his bags," and second, the bag was searched incident to his arrest
 
 
 [2]
 Challenges to a court's formulation of the instruction or choice of language are reviewed for abuse of discretion. United States v. Streit, 962 F.2d 894, 897-98 (9th Cir.1992). Here, Davis essentially objects to the district court's formulation of the instruction; he even concedes that the district court did not "misstate[ ] the elements of the offense."